UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURRINDER ARORA,

Plaintiff,

No. 12-13773

v.

District Judge Stephen J. Murphy III
Magistrate Judge R. Steven Whalen

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.
_______________________________/

**REPORT AND RECOMMENDATION**

Plaintiff Surrinder Arora has filed a complaint under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*., challenging a denial of both short term disability benefits ("STD") and long term disability benefits ("LTD"). Before the Court is Defendant Life Insurance Company of North America's ("LINA's") motion for partial summary judgment [Doc. #38], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that Ms. Arora's claim for LTD benefits be dismissed for failure to exhaust administrative remedies.

## I. FACTS

As an employee of the Henry Ford Health System, Ms. Arora was covered by both an STD policy and a LTD policy. (AR 479, 690).[1] She received STD benefits beginning in early May of 2009, and LINA terminated those benefits as of June 25, 2009 (AR 132). Following an initial administrative appeal, LINA affirmed its determination to terminate

[1] "AR" refers to the Administrative Record [Doc. #15], filed under seal.

STD benefits in a January 25, 2010 letter to Ms. Arora (AR 124-26). She then filed a second administrative appeal, through counsel, on April 14, 2010 (AR 173). On October 1, 2010, LINA again affirmed its decision to terminate STD benefits as of June 25, 2009. Thus, as to her claim for STD benefits, Ms. Arora completed the administrative appeal process prior to filing her complaint in this Court.

Ms. Arora requested a copy of her LTD policy. In response, on June 8, 2009, Kristi Simpson, the Disability Claim Manager, sent her a copy of the policy, along with a letter noting that Ms. Arora did not have a pending LTD claim:

> "Per your request, enclosed is a copy of [Henry Ford Health System's] LTD policy. Please not that as you do not have an open LTD claim on file, the above noted policy number refers to your Short Term Disability claim."[2] (AR 142).

Appended to LINA's motion as Exhibit A is the Declaration of Richard Lodi, a Senior Operations Representative with LINA. He states that Ms. Arora was a participant in Henry Ford Health System's long term disability plan, and that LINA acted as the claims administrator for the LTD plan. Exhibit A, ¶¶ 2-3. He further states that based on a review of LINA's records, "LINA never received a claim for LTD benefits and had no knowledge that Plaintiff ever submitted a claim for long term disability benefits." *Id.* ¶ 4. In terms of the difference between the review process for an STD claim and a LTD claim, Mr. Lodi states:

> "Under LINA's procedures, a claimant's LTD claim is reviewed by different people than reviewed the claimant's STD claim. The LTD claim reviewers separately review the medical evidence and reach their own independent conclusion regarding the disability based on the applicable LTD disability standard. The LTD claim reviewers assess a claimant's medical condition for the entire LTD elimination period, and may review information additional to that reviewed by the STD reviewers." *Id.* ¶ 5.

---

[2] The reference to the "above noted policy number" likely refers to the Incident Number.

Ms. Arora has not submitted any evidence to rebut the fact that she did not file a claim for LTD benefits.

## II. STANDARD OF REVIEW

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the

movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

## III. DISCUSSION

ERISA is a "comprehensive regulation of employee welfare and pension benefit plans" that provides "administrative oversight, imposes criminal sanctions, and establishes a comprehensive civil enforcement scheme." *N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.,* 514 U.S. 645, 650–51, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995) (internal citations omitted). ERISA preempts state laws that "relate to" any employee benefit plan. 29 U.S.C. § 1144(a). In *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 97,103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), the Supreme Court broadly interpreted ERISA's preemption clause, holding that a state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan."

The Sixth Circuit has held that " '[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" *Coomer v. Bethesda Hosp., Inc.,* 370 F.3d 499, 504 (6th Cir.2004) (quoting *Miller v. Metro. Life Ins. Co.,* 925 F.2d 979, 986 (6th Cir.1991)). Judicial review of an ERISA claim is typically "based solely on the administrative record." *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998).

Ms. Arora pursued administrative remedies with regard to the denial of STD

benefits, and her claim for STD benefits is not at issue in this motion. Rather, the record is clear that she did not file a separate claim of LTD benefits, and therefore has not exhausted that portion of her complaint. In *Norberry v. Life Ins. Co. of North America*, 2008 WL 5170404 (M.D. Tenn. 2008), the Court addressed a situation similar to Ms. Arora's. In *Norberry*, the plaintiff administratively appealed the denial of STD benefits. However, she did not exhaust or even make a claim for LTD benefits. Under these facts, *Norberry* held as follows:

> "Although her short-term disability claim has gone through the administrative process, there is no evidence that her long-term disability claim has ever been made. In short, there is no administrative record before the court with regard to Ms. Norberry's purported long-term disability claim. Under these circumstances, she cannot step directly into federal court. Accordingly, the court must dismiss Ms. Norberry's claim for long-term disability benefits for failure to exhaust administrative remedies." *Id*. at 9.

Thus, the exhaustion of Ms. Arora's STD claim does not constitute a *de facto* exhaustion of her LTD claim. The *Norberry* holding is particularly cogent in this case, where Mr. Lodi's unrebutted Declaration shows that LTD and STD claims are reviewed by different people using different standards. *See also Fisk v. Cigna Group Ins*., 2011 WL 4625491 (E.D. Ky. 2011), where the Court, dismissing an unexhausted claim for LTD benefits, stated, "However, LINA does not treat STD and LTD benefits claims as one in the same, and Plaintiff has failed to file an application for LTD benefits resulting in no administrative record for the Court to review." *Id*. at *5 (citing *Norberry*).

Finally, Ms. Arora has not shown either that her claim for LTD benefits is based on any contractual or other state law theory that would fall outside ERISA's preemption clause, or that exhaustion of LTD remedies would be futile. *See Fisk* at *4-5.

Sixth Circuit precedent mandates that Ms. Arora's unexhausted claim for LTD benefits be dismissed. *Coomer, supra*; *Miller, supra*.

## IV. CONCLUSION

For these reasons, I recommend that Defendant LINA's Motion for Partial Summary Judgment [Doc. #38] be GRANTED, and that Ms. Arora's claim for LTD benefits be dismissed for failure to exhaust administrative remedies.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 31, 2015

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on January 31, 2015, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager