UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SURRINDER ARORA,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

    Defendant.
                               /

Case No. 12-cv-13773

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS** (document no. 51), **ADOPTING REPORT AND RECOMMENDATION** (document no. 50), **AND GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (document no. 38)

On August 27, 2012, Plaintiff Surrinder Arora filed a complaint against Life Insurance Company of North America ("LINA"), challenging LINA's denial of both short term disability benefits ("STD") and long term disability benefits ("LTD"). Her claims were brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1191. All pre-trial matters were referred to Magistrate Judge R. Steven Whalen. ECF No. 7. Before the Court is LINA's motion for partial summary judgment on the LTD benefits claim. ECF No. 38. On January 31, 2015, the magistrate judge issued a Report and Recommendation ("Report"), recommending the Court grant LINA's motion. ECF No. 50. Arora timely filed objections. ECF No. 51.

Civil Rule 72(b) governs review of a magistrate judge's report. De novo review of a magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, as a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, a district judge is entitled to review the magistrate judge's findings

of fact and conclusions of law. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). After examining the record and considering Arora's objections de novo, the Court concludes that her arguments do not have merit. Accordingly, the Court will overrule Arora's objections, adopt the magistrate judge's Report, and grant LINA's motion for partial summary judgment.

## BACKGROUND

The magistrate judge's Report details the events giving rise to Arora's action against LINA. Report 1–3, ECF No. 50. In the interest of brevity, the Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The Court must take care, in evaluating the motion, not to make judgments on the quality of the evidence, because the

purpose of summary judgment is to determine whether a triable claim exists. *Doe v. Metro. Nashville Pub. Schs.*, 133 F.3d 384, 387 (6th Cir. 1998) ("[W]eigh[ing] the evidence . . . is never appropriate at the summary judgment stage.").

## DISCUSSION

Arora made six objections to the Report. All of them assert that the Court erred by ignoring a genuine issue of material fact. The Court has reviewed Arora's objections de novo and finds them unpersuasive. The basis for the magistrate judge's recommendation that the Court grant LINA's motion for partial summary judgment is that, with respect to her claim for LTD benefits, Arora has failed to exhaust administrative remedies. While ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action, ten federal circuit courts, including the Sixth Circuit, have read an exhaustion requirement into the statute. *See Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994). The record is clear that Arora did not file a claim for LTD benefits, and therefore has not exhausted that portion of her complaint. She provides no evidence to the contrary.

Under traditional exhaustion principles, there is an exception when resorting to the administrative process would be futile or the remedy inadequate. *Id.* In *Costantino*, for example, the Sixth Circuit held that the plaintiffs need not exhaust administrative remedies because their challenge centered on the constitutionality of the plan's provisions, and not on an interpretation and application of the plan to a particular set of facts. *Id.* at 975. That is, forcing the plaintiffs to resort to the administrative process would have been futile, because the defendant "would merely recalculate [the plaintiffs'] benefits and reach the same result." *Id.* But in the instant case, the administrative process is not futile. The evidence shows that STD and LTD claims are reviewed separately using different

standards. The magistrate judge correctly pointed out that "the exhaustion of [Arora's] STD claim does not constitute a *de facto* exhaustion of her LTD claim." Report 5, ECF No. 50.

Arora's objections fail to address the controlling issue. First, Arora states the contract between the parties as to the administration and procedure for initiating a claim for long term benefits was modified both verbally and in writing. Second, she claims LINA violated ERISA by failing to furnish certain documents, including the "Summary Plan Description," "Summary of Material Modifications," and "Blueprint." Third, Arora argues the Court erred by ignoring material facts related to LINA's failure to fulfill its fiduciary duties and obligations. Fourth, she asserts the Court failed to consider certain facts concerning "the incomplete and inaccurate administrative record" and alleged manipulation of the record by LINA. Objections 10, ECF No. 51. Fifth, Arora claims the Kristi Simpson letter, dated June 8, 2009, is irrelevant. Sixth, and finally, she alleges genuine issues of material fact concerning the declaration of Richard Lodi.

The first objection relies on an incorrect statement of the law. It is well-settled that the plan documents govern in ERISA cases. *Sprague v. GMC*, 133 F.3d 388, 403 (6th Cir. 1998) ("For us to sanction informal 'plans' or plan 'amendments'—whether oral or written—would leave the law of employee benefits in a state of uncertainty and would create disincentives for employers to offer benefits in the first place."). Arora's second, third, and fourth objections are simply restatements of arguments made in her opposition to LINA's motion for partial summary judgment, ECF No. 43, none of which counter the controlling precedent relied on by the magistrate judge. The fifth objection urges the Court to disregard the Kristi Simpson letter, because it was sent before Arora was qualified to file a claim for LTD benefits. Even if true, the objection is irrelevant, because Arora does not

4

dispute that she never filed an LTD claim and therefore failed to exhaust administrative remedies. Finally, the sixth objection claims, without support, that Richard Lodi's declaration is insignificant. *See* Mot. Partial Summ. J., Ex. A, ECF No. 38-1. But the declaration corroborates the fact that Arora never filed a claim for LTD benefits, and the magistrate judge properly relied on it. The declaration supported his conclusion that, because LTD and STD claims are reviewed separately, exhaustion would not be futile.

## CONCLUSION

The Court has carefully reviewed Arora's allegations, the parties' briefs, the magistrate judge's Report, and Arora's objections. The Court finds Arora's objections unconvincing, and agrees with the Report's recommendation to grant LINA's motion for partial summary judgment.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Arora's Objection to Report and Recommendation (document no. 51) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (document no. 50) is **ADOPTED**.

**IT IS FURTHER ORDERED** that LINA's Partial Motion for Summary Judgment (document no. 38) is **GRANTED**.

**SO ORDERED**.

          s/Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: March 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 31, 2015, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager